UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES MITCHELL,

        **Plaintiff,**                **CIVIL ACTION NO. 06-CV-11746-DT**

   vs.

                                   **DISTRICT JUDGE ARTHUR J. TARNOW**

**CITY OF DETROIT, et al.,**      **MAGISTRATE JUDGE MONA K. MAJZOUB**

        **Defendants.**
_____/

**REPORT AND RECOMMENDATION**

**I.   RECOMMENDATION:**  This Court recommends that the motion to dismiss filed by Defendants City of Detroit, John Svec, and Kenneth Miller be GRANTED.

**II.   REPORT:**

This matter comes before the Court on a motion to dismiss filed by three Defendants. (Docket no. 9). Plaintiff has responded to the motion. (Docket no. 13). The matter is now ready for ruling. Because Plaintiff's claims either fail to state a claim for relief or are barred by the applicable statute of limitation, Defendants' motion to dismiss should be granted.

     *A.*    *Factual Background*

These facts are taken from Plaintiff's Complaint. He alleges that in the early morning of May 28, 2002 he was a passenger in a vehicle being operated by his friend, Ricky Bower. Detroit Police Officers Svec and Connor made a traffic stop on the vehicle. Officer Svec reached into the car and grabbed Plaintiff by the right arm and pulled him out of the vehicle. In response to Plaintiff's question as to why he was being ordered out of the car, Officer Svec allegedly said, "You don't have any right to question my authority Nigger, so lets get that straight first." Officer Svec then began frisking Plaintiff

and yelled, "gun," implying that Plaintiff had a weapon on him. Plaintiff says that he became angry at this false accusation because he did not have a gun. He tried to resist the arrest. Eventually, Plaintiff was handcuffed and taken to the 10th Precinct police station.

While being booked, Plaintiff asked to talk to a Sergeant or Lieutenant. Officer Svec then allegedly struck Plaintiff in his mouth with a closed fist while Plaintiff was still in handcuffs. Plaintiff says that he fell to the ground and several more officers started kicking and beating him, including Officers Connor, Miller and the Doe Defendants. The officers then dragged Plaintiff to a cell and unhandcuffed him. Plaintiff then "blacked out" while having an epileptic seizure. Two unknown officers drove Plaintiff to Detroit Receiving Hospital later on the morning of May 28. Plaintiff saw a physician and tests were completed. He was then taken to a holding cell in the hospital. Defendant Lauren McLemore visited Plaintiff there and tried to interview him regarding the beating. Plaintiff says that he declined any further questioning and refused to sign any statements. On June 1, 2002 Plaintiff was taken to see a judicial officer and arraigned.

  B. *Claims*

Plaintiff's Complaint contains numerous claims all arising from this traffic stop and subsequent alleged battery of Plaintiff by the police on May 28, 2002. Many of the claims are for constitutional violations made pursuant to 42 U.S.C. § 1983. These include claims of excessive use of force, cruel and unusual punishment, and violations of the Fourth, Fifth, and Fourteenth Amendments. Plaintiff also contends that Defendants violated 18 U.S.C. §§ 241, 242(5) & 2071 and 28 U.S.C. §§ 1343, 1349 & 1985. In addition, Plaintiff refers to 5 U.S.C. §§ 101 & 102. Finally, Plaintiff raises state law claims of intentional infliction of emotional distress, false arrest, assault and battery, common law conspiracy and filing a false report. All Defendants are sued in their individual and "privateer" capacities. Plaintiff seeks compensatory and punitive damages as relief.

*C.     Standard of Review*

Defendants have moved to dismiss Plaintiff's complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted. Dismissal under this rule is appropriate when it is clear that no relief could be granted under any set of facts that could be proved consistent with Plaintiff's allegations. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). In considering this motion, the Court must accept as true the well-pleaded factual allegations in Plaintiff's complaint. *Id.* The Court does not have to accept as true legal conclusions or unwarranted factual inferences, however. *Id.*

*D.     Analysis*

*1. Statute of limitation under 42 U.S.C. § 1983*

Defendants have moved to dismiss all of Plaintiff's claims based on the three-year statute of limitation of section 1983. They contend that Plaintiff's claims accrued on May 28, 2002 when he was arrested and that the limitation period expired on May 28, 2005 before Plaintiff filed his Complaint on April 11, 2006. Defendants also argue that no tolling of the limitation period is allowed under Michigan law due to Plaintiff's incarceration because Michigan changed its law on tolling effective April 1, 1994. Plaintiff has responded and contends that his limitation period should be tolled because he is incarcerated. Plaintiff does not dispute Defendants' allegation that the offense date for his present convictions is May 28, 2002, the date of the traffic stop at issue here. Plaintiff also does not dispute that he was sentenced on December 23, 2002 for a firearm offense.

Section 1983 takes its limitation period from the applicable state limitation period for personal injuries which for this case is three years under *Mich. Comp. Laws* § 600.5805(10). *See Wilson v. Garcia*, 471 U.S. 261, 276-80 (1985); *Carroll v. Wilkerson*, 782 F.2d 44 (6th Cir. 1986). The limitation period runs from the date that the claim accrued which is determined by federal law. Claims accrue at the time that

the party knows or has reason to know of the injury which is the basis for his action. *McCune v. City of Grand Rapids*, 842 F.2d 903, 905 (6th Cir. 1988). Here it is clear from Plaintiff's statement of the facts that he knew of his alleged injuries at the time of his arrest or within a few days thereafter with regard to his claims of a delay in his being brought before a judicial official. His three-year limitation period therefore began running on these claims at least by June 1, 2002 and expired before Plaintiff filed his Complaint on April 11, 2006.

Plaintiff contends that his incarceration tolls his limitation period and that his action was timely filed. He relies on cases applying South Dakota and Georgia law which have no applicability to this action. *Hughes v. Sheriff of Fall River Co. Jail*, 814 F.2d 532 (8th Cir. 1987); *Hawthorne v. Wells*, 761 F.2d 1514 (11th Cir. 1985). Prior to 1994 Michigan law allowed for tolling if the Plaintiff was incarcerated. However, the law has now changed, and there was no tolling provision applicable to Plaintiff's claims when they accrued. *See Mich. Comp. Laws* § 600.5851(9), (10); *Ziegler v. Michigan*, 230 F.3d 1361 (6th Cir. Sept. 18, 2000) (unpublished) ("Incarceration is no longer a basis for tolling under Michigan law."). Plaintiff's tolling argument must therefore be rejected. His claims under section 1983 are barred by the statute of limitation.

### 2. Other federal law claims

Plaintiff also relies on 42 U.S.C. §§ 1981 and 1985. However, the same three-year limitation period applies to these claims. *Ziegler*, 230 F.3d 1361; *Moore v. Potter*, 47 Fed. App'x 318, 319 (6th Cir. 2002). These claims should therefore be dismissed.

Plaintiff cites several statutes under the criminal code such as 18 U.S.C. §§ 241, 242, 1343, 1349, and 2071. He fails to state a claim for relief under these statutes because a private citizen has no standing to bring an action for an alleged violation of the criminal code. *Cok v. Cosentino*, 876 F.2d 1,

2 (1st Cir. 1989); *Holland v. O'Hair,* 145 F.3d 1331 (6th Cir. Mar. 26, 1998) (unpublished).  He must rely upon the United States Attorney to initiate such an action.

Finally with regard to his federal law claims, Plaintiff cites 5 U.S.C. §§ 101, 102.  These statutes simply list the executive and military departments of the government.  Plaintiff fails to state a claim for relief under them.

*3. State law claims*

Turning now to Plaintiff's state law claims, his claim of intentional infliction of emotional distress is subject to a three-year statute of limitation.  *Mich. Comp. Laws* § 600.5805(10); *James v. General Motors Corp.*, 1995 WL 871221 (E.D. Mich. Oct. 24, 1995).  This claim is therefore time-barred.

Plaintiff's claims of false arrest, conspiracy to falsely arrest him, assault and battery, and filing false reports regarding the assault are subject to a two-year limitation period.  *See Mich. Comp. Laws* § 600.5805(2); *Wolfe v. Perry*, 412 F.3d 707, 715 (6th Cir. 2005).  Plaintiff does not have standing to bring any claims of state criminal law violations.  *See Cok*, 876 F.2d at 2.  These claims should therefore be dismissed.

### III.   NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401

(6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.


Dated: September 15, 2006                s/ Mona K. Majzoub
                                         MONA K. MAJZOUB
                                         UNITED STATES MAGISTRATE JUDGE



**Proof of Service**

I hereby certify that a copy of this Report and Recommendation was served upon James Mitchell and Counsel of Record on this date.

Dated: September 15, 2006                s/ Lisa C. Bartlett
                                         Courtroom Deputy

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES MITCHELL,

        Plaintiff,         CIVIL ACTION NO. 06-CV-11746-DT

    vs.

                      DISTRICT JUDGE ARTHUR J. TARNOW

CITY OF DETROIT, et al.,     MAGISTRATE JUDGE MONA K. MAJZOUB

        Defendants.
_____/

**REPORT AND RECOMMENDATION**

**I.**    **RECOMMENDATION:**  This Court recommends that the motion to dismiss filed by Defendants City of Detroit, John Svec, and Kenneth Miller be GRANTED.

**II.**    **REPORT:**

This matter comes before the Court on a motion to dismiss filed by three Defendants. (Docket no. 9). Plaintiff has responded to the motion. (Docket no. 13). The matter is now ready for ruling. Because Plaintiff's claims either fail to state a claim for relief or are barred by the applicable statute of limitation, Defendants' motion to dismiss should be granted.

    *A.*    *Factual Background*

These facts are taken from Plaintiff's Complaint. He alleges that in the early morning of May 28, 2002 he was a passenger in a vehicle being operated by his friend, Ricky Bower. Detroit Police Officers Svec and Connor made a traffic stop on the vehicle. Officer Svec reached into the car and grabbed Plaintiff by the right arm and pulled him out of the vehicle. In response to Plaintiff's question as to why he was being ordered out of the car, Officer Svec allegedly said, "You don't have any right to question my authority Nigger, so lets get that straight first." Officer Svec then began frisking Plaintiff

-1-

and yelled, "gun," implying that Plaintiff had a weapon on him. Plaintiff says that he became angry at this false accusation because he did not have a gun. He tried to resist the arrest. Eventually, Plaintiff was handcuffed and taken to the 10th Precinct police station.

While being booked, Plaintiff asked to talk to a Sergeant or Lieutenant. Officer Svec then allegedly struck Plaintiff in his mouth with a closed fist while Plaintiff was still in handcuffs. Plaintiff says that he fell to the ground and several more officers started kicking and beating him, including Officers Connor, Miller and the Doe Defendants. The officers then dragged Plaintiff to a cell and unhandcuffed him. Plaintiff then "blacked out" while having an epileptic seizure. Two unknown officers drove Plaintiff to Detroit Receiving Hospital later on the morning of May 28. Plaintiff saw a physician and tests were completed. He was then taken to a holding cell in the hospital. Defendant Lauren McLemore visited Plaintiff there and tried to interview him regarding the beating. Plaintiff says that he declined any further questioning and refused to sign any statements. On June 1, 2002 Plaintiff was taken to see a judicial officer and arraigned.

  B.  *Claims*

Plaintiff's Complaint contains numerous claims all arising from this traffic stop and subsequent alleged battery of Plaintiff by the police on May 28, 2002. Many of the claims are for constitutional violations made pursuant to 42 U.S.C. § 1983. These include claims of excessive use of force, cruel and unusual punishment, and violations of the Fourth, Fifth, and Fourteenth Amendments. Plaintiff also contends that Defendants violated 18 U.S.C. §§ 241, 242(5) & 2071 and 28 U.S.C. §§ 1343, 1349 & 1985. In addition, Plaintiff refers to 5 U.S.C. §§ 101 & 102. Finally, Plaintiff raises state law claims of intentional infliction of emotional distress, false arrest, assault and battery, common law conspiracy and filing a false report. All Defendants are sued in their individual and "privateer" capacities. Plaintiff seeks compensatory and punitive damages as relief.

*C.     Standard of Review*

Defendants have moved to dismiss Plaintiff's complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted. Dismissal under this rule is appropriate when it is clear that no relief could be granted under any set of facts that could be proved consistent with Plaintiff's allegations. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). In considering this motion, the Court must accept as true the well-pleaded factual allegations in Plaintiff's complaint. *Id.* The Court does not have to accept as true legal conclusions or unwarranted factual inferences, however. *Id.*

*D.     Analysis*

*1. Statute of limitation under 42 U.S.C. § 1983*

Defendants have moved to dismiss all of Plaintiff's claims based on the three-year statute of limitation of section 1983. They contend that Plaintiff's claims accrued on May 28, 2002 when he was arrested and that the limitation period expired on May 28, 2005 before Plaintiff filed his Complaint on April 11, 2006. Defendants also argue that no tolling of the limitation period is allowed under Michigan law due to Plaintiff's incarceration because Michigan changed its law on tolling effective April 1, 1994. Plaintiff has responded and contends that his limitation period should be tolled because he is incarcerated. Plaintiff does not dispute Defendants' allegation that the offense date for his present convictions is May 28, 2002, the date of the traffic stop at issue here. Plaintiff also does not dispute that he was sentenced on December 23, 2002 for a firearm offense.

Section 1983 takes its limitation period from the applicable state limitation period for personal injuries which for this case is three years under *Mich. Comp. Laws* § 600.5805(10). *See Wilson v. Garcia*, 471 U.S. 261, 276-80 (1985); *Carroll v. Wilkerson*, 782 F.2d 44 (6th Cir. 1986). The limitation period runs from the date that the claim accrued which is determined by federal law. Claims accrue at the time that

the party knows or has reason to know of the injury which is the basis for his action. *McCune v. City of Grand Rapids*, 842 F.2d 903, 905 (6th Cir. 1988). Here it is clear from Plaintiff's statement of the facts that he knew of his alleged injuries at the time of his arrest or within a few days thereafter with regard to his claims of a delay in his being brought before a judicial official. His three-year limitation period therefore began running on these claims at least by June 1, 2002 and expired before Plaintiff filed his Complaint on April 11, 2006.

Plaintiff contends that his incarceration tolls his limitation period and that his action was timely filed. He relies on cases applying South Dakota and Georgia law which have no applicability to this action. *Hughes v. Sheriff of Fall River Co. Jail*, 814 F.2d 532 (8th Cir. 1987); *Hawthorne v. Wells*, 761 F.2d 1514 (11th Cir. 1985). Prior to 1994 Michigan law allowed for tolling if the Plaintiff was incarcerated. However, the law has now changed, and there was no tolling provision applicable to Plaintiff's claims when they accrued. *See Mich. Comp. Laws* § 600.5851(9), (10); *Ziegler v. Michigan*, 230 F.3d 1361 (6th Cir. Sept. 18, 2000) (unpublished) ("Incarceration is no longer a basis for tolling under Michigan law."). Plaintiff's tolling argument must therefore be rejected. His claims under section 1983 are barred by the statute of limitation.

### 2. Other federal law claims

Plaintiff also relies on 42 U.S.C. §§ 1981 and 1985. However, the same three-year limitation period applies to these claims. *Ziegler*, 230 F.3d 1361; *Moore v. Potter*, 47 Fed. App'x 318, 319 (6th Cir. 2002). These claims should therefore be dismissed.

Plaintiff cites several statutes under the criminal code such as 18 U.S.C. §§ 241, 242, 1343, 1349, and 2071. He fails to state a claim for relief under these statutes because a private citizen has no standing to bring an action for an alleged violation of the criminal code. *Cok v. Cosentino*, 876 F.2d 1,

2 (1st Cir. 1989); *Holland v. O'Hair,* 145 F.3d 1331 (6th Cir. Mar. 26, 1998) (unpublished). He must rely upon the United States Attorney to initiate such an action.

Finally with regard to his federal law claims, Plaintiff cites 5 U.S.C. §§ 101, 102. These statutes simply list the executive and military departments of the government. Plaintiff fails to state a claim for relief under them.

### *3. State law claims*

Turning now to Plaintiff's state law claims, his claim of intentional infliction of emotional distress is subject to a three-year statute of limitation. *Mich. Comp. Laws* § 600.5805(10); *James v. General Motors Corp.*, 1995 WL 871221 (E.D. Mich. Oct. 24, 1995). This claim is therefore time-barred.

Plaintiff's claims of false arrest, conspiracy to falsely arrest him, assault and battery, and filing false reports regarding the assault are subject to a two-year limitation period. *See Mich. Comp. Laws* § 600.5805(2); *Wolfe v. Perry*, 412 F.3d 707, 715 (6th Cir. 2005). Plaintiff does not have standing to bring any claims of state criminal law violations. *See Cok*, 876 F.2d at 2. These claims should therefore be dismissed.

### III.   **NOTICE TO PARTIES REGARDING OBJECTIONS:**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401

(6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.


Dated: September 15, 2006              s/ Mona K. Majzoub
                                       MONA K. MAJZOUB
                                       UNITED STATES MAGISTRATE JUDGE



### Proof of Service

I hereby certify that a copy of this Report and Recommendation was served upon James Mitchell and Counsel of Record on this date.

Dated: September 15, 2006              s/ Lisa C. Bartlett
                                       Courtroom Deputy